UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| YOLANDA L. JENKINS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:19-cv-3831 |
| | § | |
| LELAND DUDEK, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION

Plaintiff Yolanda L. Jenkins ("Plaintiff") filed this lawsuit against Defendant Leland Dudek[1] ("Commissioner"). (ECF No. 1). Pending before the Court[2] is Plaintiff Yolanda L. Jenkins' ("Plaintiff") Motions for Attorney Fees. (ECF Nos. 22, 27).[3] Based on a review of the motions, arguments, and relevant law, the Court **GRANTS** Plaintiff's Motion for Attorney Fees (ECF No. 22) and **DENIES AS MOOT** Plaintiff's second Motion for Attorney Fees (ECF No. 27).

---

[1] Leland Dudek became the Commissioner of Social Security on February 17, 2025. Dudek is "automatically substituted" as the defendant in this suit. FED. R. CIV. P. 25(d); *see also* 42 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.").

[2] The parties consented to proceed before a Magistrate Judge for all proceedings under 28 U.S.C. § 636(c). (ECF No. 30).

[3] Plaintiff's response in support of motion for attorney fees is incorrectly docketed as a separate motion for attorney fees. (*See* ECF No. 27).

## I.   Background

Plaintiff filed an application for social security disability insurance benefits. (ECF No. 17 at 1–2). After her claims were denied initially and upon reconsideration, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (*Id.* at 2). Following the hearing, the ALJ found Plaintiff was not disabled. (*Id.*). Plaintiff appealed to the Appeals Council, seeking judicial review of the Commissioner's denial of her claims for benefits. (*Id.* at 3). The Appeals Council ultimately agreed with the ALJ and found Plaintiff was not disabled through December 31, 2017, the date she was last insured. (*Id.*). Plaintiff then appealed to this Court. (*See* ECF No. 1). Based on a review of the record and evidence on cross-motions for summary judgment, the Court entered an order and final judgment in Plaintiff's favor, reversing the ALJ's decision, and remanding the case to the ALJ for further proceedings. (ECF Nos. 17–18). Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A), Plaintiff's counsel sought, and the Court awarded him, $7,027.71 in attorney fees. (*See* ECF Nos. 19, 21).

On remand, the Social Security Administration found Plaintiff to be disabled. (ECF No. 22-2 at 12). The total amount of past due benefits is $226,995.70, of which 25% or $56,748.93 was withheld for the purposes of awarding the representative's fees. (ECF No. 22-3 at 3–4). The initial fee of

$7,083 has already been paid to Plaintiff's counsel. (ECF No. 22 at 3 ("[T]he Social Security Administration has paid the undersigned the sum of $7,083 ($7,200 less the $127 administrative fee).")). Pursuant to 42 U.S.C. § 406(b), Plaintiff's counsel now seeks a court order awarding attorney's fees in the amount of $49,548.93, "the balance now held by the Social Security Administration pending this Court's ruling." (ECF No. 22 at 3). If awarded this sum, Plaintiff's counsel agrees to refund the previously awarded EAJA fee of $7,027.71 directly to Plaintiff as required under § 406(b). (*Id.*).

## II.  Legal Standard

Sections 406(a) and (b) "provide for the discretionary award of attorney fees out of the past-due benefits recovered by a successful claimant in a Social Security action." *Murkeldove v. Astrue*, 635 F.3d 784, 787 (5th Cir. 2011) (citing 42 U.S.C. § 406(a)–(b)).

Section 406(a) governs fees for representation at the administration level. *See* 42 U.S.C. § 406(a); *Jeter v. Astrue*, 622 F.3d 371, 374 n.2 (5th Cir. 2010). Section 406(a) "includes two ways to determine fees for representation before the agency, depending on whether a prior fee agreement exists." *Culbertson v. Berryhill*, 586 U.S. 53, 56 (2019). If the claimant has a fee agreement, subsection (a)(2) caps fees at the lesser of 25% of past-due benefits or a set dollar amount—currently $9,200. 42 U.S.C. § 406(a)(2)(A); *Maximum*

*Dollar Limit in the Fee Agreement Process*, 89 Fed. Reg. 40523-02, 2024 WL 2083394 (May 10, 2024).

Section 406(b) governs the award of attorney fees for representing claimants in court. Further, it limits the attorney fee award to not more than 25% of the total past due benefits to which the claimant is entitled, exclusive of any fees awarded for representation at the administrative level under § 406(a). *Culbertson*, 586 U.S. at 60; *Calaforra v. Berryhill*, No. 4:15-cv-02298, 2017 WL 4551350, at *2 (S.D. Tex. Oct. 12, 2017). "In other words, the 25% cap on fees under § 406(b)(1)(A) is not cumulative, so any award for court representation under § 406(b) is not reduced by an award for representation before the agency under § 406(a)." *Tyson C. v. O'Malley*, No. 4:17-cv-1309, 2024 WL 1996125, at *2 (S.D. Tex. May 6, 2024) (citing *Culbertson*, 586 U.S. at 60). The statute also allows for withholding of the past-due benefits to pay these fees directly to the attorney. *Culbertson*, 586 U.S. at 56. Section 406(b) applies when the claimant obtains a favorable decision on remand after the court had vacated the Commissioner's previous decision denying benefits. *Jackson v. Astrue*, 705 F.3d 527, 531 (5th Cir. 2013).

Even when the requested fee is within the 25% statutory ceiling, "§ 406(b) requires the court to review the 'arrangement as an independent check, to assure that [it] yields reasonable results' in the case." *Calaforra*, 2017

WL 4551350, at *3 (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002)). The court performs an independent check to ensure the fee is not a windfall to the attorney. *Jeter*, 622 F.3d at 380–82. "If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is in order to disallow windfalls for lawyers." *Id.* at 379. The court has wide discretion in approving or discounting the amount of attorney fees. *Id.* at 376.

Sections 406(a) and 406(b) are not the only sources of compensation available to an attorney. "Under the EAJA, a party who prevails against the United States, including a successful Social Security benefits claimant, may be awarded fees if the government's position in the litigation was not 'substantially justified.'" *Calaforra*, 2017 WL 4551350, at *2 (quoting 28 U.S.C. § 2412(d)(1)(A)). "Attorneys who successfully represent social-security-benefits claimants in court may receive fees under both the EAJA and § 406(b), 'but . . . must refund to the claimant the amount of the smaller fee.'" *Jackson*, 705 F.3d at 529 n.2 (quoting *Gisbrecht*, 535 U.S. at 796 (internal marks omitted)).

### III. Discussion

As noted above, the Court must decide whether counsel's request for a fee award under § 406(b) is reasonable and timely.

a. <u>The Motion for Attorney Fees is Reasonable.</u>

The burden is on the attorney to show that the fee is reasonable. *See Calaforra*, 2017 WL 4551350, at *3–4. The Court may use a variety of non-exhaustive factors in performing the reasonableness check, including: (1) the existence of a contingency fee agreement; (2) the risk of loss the attorney takes on; (3) the experience and quality of the attorney; (4) whether the attorney caused any unnecessary delay; and (5) the resulting hourly rate. *Id.* at *4; *see Jeter*, 622 F.3d at 382. No one factor is dispositive, and the court may not exclusively rely on the resulting hourly rate in determining the reasonableness of the fee. *Jeter*, 622 F.3d at 377 (approving use of lodestar method in conjunction with additional factors to determine whether award is a windfall).

Having analyzed these factors, the Court finds a fee of $49,548.93 is reasonable in this case as follows:

*1. The contingency fee is reasonable.*

On June 16, 2023, Plaintiff signed a contingency fee agreement setting counsel's compensation at the lesser of 25% of the past-due benefits or $7,200. (ECF No. 22-6). This fee is within the statutory range. 42 U.S.C. § 406(b)(1)(A). Here, Plaintiff's counsel asks the Court for the net sum of $49,548.93, which when combined with the $7,083 paid for his administrative

6

representation, will total 25% of Plaintiff's past-due benefits. (ECF No. 22 at 1–2).

Courts have recognized that in contingency representation, attorneys should receive "full compensatory fees" when the client receives "excellent results." *Hensely v. Eckerhart*, 461 U.S. 424, 435 (1983) (recognizing that lawyers who take on contingency cases should receive more when successful because of the intrinsic risk). In social security appeals for disability benefits, "courts have recognized that there is a substantial risk of loss." *Dickerson v. Saul*, No. 4:18-cv-04578, 2021 WL 2156762, at *3 (S.D. Tex. May 27, 2021) (citations omitted). On average only thirty-five percent of claimants who appealed their case to federal court received benefits. *Id.* (citation omitted).

Here, Plaintiff's counsel undertook a risk because he represented Plaintiff without any guaranteed payment. Counsel filed a motion for summary judgment, and the Court remanded the case. At the administrative level on remand, Plaintiff was awarded social security benefits, including past-due benefits. Considering that only thirty-five percent of cases appealed to federal courts receive benefits, this result is excellent. *Id.* There is also no evidence that Plaintiff's counsel caused any unnecessary delay in the proceedings at the district court level. *Calaforra*, 2017 WL 4551350, at *4 (citing absence of delay in approving fee).

### 2. *The number of hours is reasonable.*

Plaintiff's counsel spent thirty-five hours on Plaintiff's case. (ECF No. 22 at 3). The typical number of hours spent on a social security disability claim is between thirty and forty hours. *Dickerson*, 2021 WL 2156762, at *3 (citing *Mesecher v. Berryhill*, No. 4:15-cv-859, 2017 WL 4417682, at * 1 (N.D. Tex. Oct. 3, 2017) (noting a typical attorney in a social security case claims "between thirty and forty hours for attorney work.")). Under § 406(b), a plaintiff's attorney may receive fees for work performed in court, but not for work performed in administrative proceedings. *Gisbrecht*, 535 U.S. at 794.

Here, counsel accrued the hours sought at the court level. (ECF No. 22-4). Further, the Court has already found the number of hours reasonable. (*See* ECF No. 21).

### 3. *The effective hourly rate is reasonable.*

In his response, Commissioner recognized he "has no direct financial stake in the outcome of this case," and only plays the role of "trustee for the claimants" during fee determinations. (ECF No. 24 at 1). The Commissioner notes the Social Security Administration "usually considers that a fee is not a windfall when it is no more than twice the reasonable non-contingency hourly rate." (*Id.* at 3).

Here, the requested rate is significantly more than the non-contingency hourly rate. As noted by Commissioner, Plaintiff's counsel did not submit an affidavit showing his non-contingent hourly rate; however, "the amount withheld from Plaintiff's past due benefits for $49,549.93 results in an hourly rate of $1,415.68, which [is] over seven times . . . the hourly rates of $197.90, $200.42, $201.60 that [Plaintiff's counsel] was awarded in his 2021 petition for attorney fees under the EAJA." (*Id.* at 3; *see also* ECF No. 21).

Nonetheless, because of the inherent risk in social security cases, the Fifth Circuit has recognized that in § 406(b) cases, "an excessively high hourly rate alone does not render an otherwise reasonable fee unreasonable." *Dickerson v. Saul*, No. 4:18-cv-4578, 2021 WL 2156762, at *4 (S.D. Tex. May 27, 2021) (quoting *Jeter*, 622 F.3d at 3820); *see also Kirkpatrick v. Berryhill*, No. 3:16-cv-337, 2019 WL 2931661, at *3 (S.D. Tex. June 20, 2019), *report and recommendation adopted sub nom. Kirkpatrick v. Saul*, No. 3:16-cv-337, 2019 WL 2913837 (S.D. Tex. July 8, 2019) (approving $937.50 hourly rate); *Wilson v. Berryhill*, No. 3:13-cv-1304, 2017 WL 1968809, at *2 (N.D. Tex. Apr. 7, 2017), *report and recommendation adopted*, 2017 WL 1956242 (N.D. Tex. May 11, 2017) (finding $937.50 a reasonable hourly rate); *Sabourin v. Colvin*, No. 3:11-cv-2109, 2014 WL 3949506, at *2 (N.D. Tex. Aug. 12, 2013) (finding "$1,245.55 per hour" was not an unreasonable request).

Further, counsel asks for less than he is entitled to under the *Culbertson* holding. As stated above, the Supreme Court has explained that the 25% cap on fees need not be reduced by an award for representation before the ALJ. *Culbertson*, 586 U.S. at 59–60. Had counsel not agreed that his combined administrative and court representation fees would not exceed 25% of Plaintiff's back due benefits, he would be entitled to seek $56,748.93 —25% of Plaintiff's back due benefits—as his court representation fees. That amount would have resulted in an hourly rate of $1,621.40. The Court finds that counsel's request for a lower hourly rate than what he is entitled to under *Culbertson* leans toward demonstrating the rate's reasonableness. *See Tyson*, 2024 WL 1996125, at *4.

As such, the Court finds, based on counsel's success at the district court level and similar awards in other cases, the *de facto* hourly rate is reasonable.

    b. <u>The Fees Application is Timely.</u>

Any request for fees under § 406(b) must be timely. *Calaforra*, 2017 WL 4551350, at *3 (citing *Pierce v. Barnhart*, 440 F.3d 657, 663–64 (5th Cir. 2006)). In *Pierce*, the Fifth Circuit reasoned that Federal Rule of Civil Procedure 54(d) sets the default deadline for attorney fees motions at no later than fourteen days after entry of judgment. *Pierce*, 440 F.3d at 664. But, recognizing it was unlikely a claimant would resolve a social security claim in that time, the Fifth

Circuit held the deadline could be extended. *Id.* Other courts have concluded the motion should be filed within a reasonable time after receiving notice of the award. *See Calaforra*, 2017 WL 4551350, at *3 (collecting cases).

Here, Plaintiff's notice of award is dated September 17, 2024, and counsel filed the instant motion on September 25, 2024, within eight days of the notice. (*See* ECF Nos. 22, 22-3). Thus, the Court finds that the motion is timely.

In sum, considering these factors, the Court finds an award of $49,548.93 is reasonable, as it is a direct result of counsel's advocacy, which returned a highly favorable result for Plaintiff. Further, the motion is timely, and it should be granted, subject to the EAJA refund of $7,027.71.

## IV. Conclusion

Based on the foregoing, the Court **GRANTS** Plaintiff's Motion for Attorney Fees (ECF No. 22) and **DENIES AS MOOT** Plaintiff's second Motion for Attorney Fees (ECF No. 27).

**SIGNED** in Houston, Texas on March 6, 2025.

Richard W. Bennett
United States Magistrate Judge